UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CICERO MORGAN,

    Petitioner,

v.

STEVEN RIVARD,

    Respondent.

Case No. 16-10950
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## OPINION AND ORDER DENYING
## PETITION FOR A WRIT OF HABEAS CORPUS

James Cicero Morgan has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for unarmed robbery. He makes two arguments expressed in three different claims. One, that he received ineffective assistance of counsel because his attorney failed to challenge a juror who allegedly expressed bias, and two, that the trial judge improperly departed upward from the sentencing guidelines both because of his failure to properly justify the departure and for departing from the guidelines based upon facts not found by the jury.

For the reasons set forth below, the Court denies the petition but grants a certificate of appealability on the last issue—that the judge improperly departed upward from the sentencing guidelines based upon facts not found by the jury.

**I.**

Morgan's conviction stems from an August 20, 2011 attack on a seventeen-year old man at the Easy Pick Liquor Store in Highland Park, Michigan. The Michigan Court of Appeals described the underlying facts, which are presumed to be correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

On August 20, 2011 at around 1:00 am, Morgan was at a liquor store in Highland Park with six of his friends. *People v. Morgan*, No. 310643, 2014 WL 3704876, at *5 (Mich. Ct. App. July 24, 2014). The victim testified that the group called him and his friend derogatory names. *Id*. One of Morgan's friends then "jumped" the victim's friend. *Id*. Morgan told the victim not to watch his friend's assault, and when he turned his head to look at his friend, Morgan punched him in the face. *Id*. The man fell to the floor and hit his head on the glass door of the cooler, rendering him unconscious. *Id*. Morgan stomped on him as he lay on the floor. *Id*. When the victim awoke, he ran away. *Id*. He later realized that his wallet and phone were missing. *Id*. His jaw was broken in three places and he had a bruise on his brain, requiring a two-day stay in the hospital, jaw surgery, and a six-week recovery. *Id*.

During *voir dire* at Morgan's trial, a juror relayed that his cousin had been recently carjacked and his neighbor had been robbed and beaten and expressed that he "wouldn't be a good juror because I would feel like [Morgan] would be guilty." *Id*., at *6. The trial court then told the potential juror that jurors must be fair to both sides and asked whether if he was charged with a crime and was innocent he would want jurors to treat him fairly. *Id*. The juror replied that he would. *Id*. at *7. The court followed up again and clarified that, if chosen as a juror, he would have to listen to the evidence, follow the law and come back with a "fair verdict." *Id*. He then inquired whether the juror could do that. *Id*. The juror replied that he could. *Id*. The court asked, "You can do that?" *Id*. And the juror responded, "Yeah, I can do that." *Id*.

Morgan's attorney did not challenge the juror and he was placed on the jury. *Id*.

Morgan was convicted of unarmed robbery and sentenced to ten to fifteen years in prison, an upward departure from the minimum sentencing guidelines range of 43–86 months. *Id*. at *1.

Morgan filed an appeal of right in the Michigan Court of Appeals, raising three claims: his defense counsel was constitutionally ineffective in failing to challenge a biased juror for cause; the trial court failed to justify the degree of departure from the sentencing guideline range; and the trial court departed above the sentencing guideline range based on disputed facts that the prosecutor did not charge and prove beyond a reasonable doubt to the jury.

The Michigan Court of Appeals affirmed the conviction. *Morgan*, 2014 WL 3704876, at *1. Morgan filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Morgan*, 498 Mich. 904 (2015). Morgan then filed the instant petition for habeas relief.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) (and 28 U.S.C. § 2254 in particular) "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Thus, if a claim was "adjudicated on the merits in State court proceedings," this Court cannot grant habeas corpus relief on the basis of that claim "unless the adjudication of the claim . . . resulted in a decision" (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). But if the state courts did not adjudicate a claim "on the merits," this "'AEDPA deference' does not apply and [this Court] will review the claim *de novo*." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

A state-court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

"[T]he 'unreasonable application' prong of [§ 2254(d)] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

### III.

### A.

The Court will start with Morgan's claim that his trial counsel was constitutionally ineffective for failing to challenge a juror for cause based upon possible bias.

He points to the following exchange that occurred during *voir dire* to support his argument:

*THE COURT*: All right. And given the questions that were asked of the other prospective jurors sir, is there anything you can share with these lawyers?

*JUROR NO. 12*: Yes. My cousin was carjacked about a year ago, and the neighbor next door to him was robbed and beaten. And I feel like I wouldn't be a good juror because I would feel like he would be guilty.

*THE COURT*: All right. Well, let me first of all tell you that every juror must be fair to the Defense, as well as[] the prosecution. If you were charged with a crime, and you were innocent, you would certainly want the jurors to treat you that way, correct?

*JUROR NO. 12*: That's correct.

*THE COURT*: Okay. So just to clarify the issue, if these lawyers decided to choose you as a juror, I would have to instruct you that you must listen carefully to the evidence, follow the law and come back with a fair verdict. Are you telling us you cannot do that?

4

*JUROR NO. 12*: I can do that.

*THE COURT*: You can do that?

*JUROR NO. 12*: Yeah, I can do that.

(ECF No. 10-1, PageID.63–65.) Morgan asserts that counsel's failure to challenge this juror was objectively unreasonable, not the result of any legitimate trial strategy, and prejudiced him.

Morgan's ineffective-assistance-of-counsel claim was adjudicated on the merits by the Michigan Court of Appeals so the Court will apply AEDPA deference.[1] *See Morgan*, 2014 WL 3704876, at *6–7. Even assuming the Michigan Supreme Court adjudicated this claim on the merits, it provided no explanation for its decision in its order. *People v. Morgan*, 870 N.W.2d 690 (Mich. 2015). So the Court will "look through" that decision and apply AEDPA deference to the Michigan Court of Appeals' opinion. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193–94 (2018).

To establish that he received ineffective assistance of counsel, Morgan must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. And since the state court adjudicated this element on the merits, *Morgan*, 2014 WL 3704876, at *7, the Court must only review whether the

---

[1] Although the court cites no federal law, in situations where, as here, state and federal law line up, *see People v. Pickens*, 521 N.W.2d 797 (Mich. 1997), a state court's discussion of state law is "sufficient to cover a claim based on the related federal right," even if federal law is never mentioned, *see Johnson v. Williams*, 568 U.S. 289, 298–99 (2013).

Michigan Court of Appeals unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122–23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Michigan Court of Appeals found that Morgan's counsel would not have been able to bring a successful removal for cause. *Morgan*, 2014 WL 3704876 at *7. Under Michigan law, a juror is presumed competent and impartial, and "the burden of proving otherwise is on the party seeking disqualification." *People v. Walker*, 412 N.W.2d 244, 245 (Mich. Ct. App. 1987). Removal is warranted if the moving party is able to show that the juror's state of mind showed bias against the defendant, prevented him from rendering a just verdict, or would have improperly influenced the verdict. Mich. Ct. R. 2.511(D)(2), (3), and (4). Because the juror twice assured the trial court that he would "listen to the evidence and render a fair verdict," the Michigan Court of Appeals found that Morgan would have been unable to meet that burden and thus, failed to "establish that his counsel's performance fell below an objective standard of reasonableness when she did not challenge the juror for cause." *Morgan*, 2014 WL 3704876 at *7. The court of appeals also found that Morgan had failed to show prejudice, stating "there is no indication from the record that the juror acted in any way other than fairly, as he promised the court. The record reveals that

defendant's conviction rested on the strong evidence presented by the prosecution and not on any juror bias." *Id*.

The Court cannot find that the Michigan Court of Appeals unreasonably applied Supreme Court precedent in denying Morgan's ineffective-assistance-of-counsel claim. To maintain a claim that a biased juror prejudiced him, a petitioner "must show that the juror was actually biased against him." *Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001) (citing *Goeders v. Hundley*, 59 F.3d 73, 75 (8th Cir. 1995)). "Actual bias is 'bias in fact'-the existence of a state of mind that leads to an inference that the person will not act with entire impartiality" *Miller v. Webb*, 385 F.3d 666, 673 (6th Cir. 2004) (citations omitted). Importantly, "[a] juror's express doubt as to her [or his] own impartiality on *voir dire* does not necessarily entail a finding of actual bias." *Id.* at 458.

Here, the juror's initial statement merely expressed doubt that he could be impartial to Morgan because of an unrelated crime that happened to an acquaintance. The trial court then followed up and explained the requirement for impartiality, then twice inquired into whether the juror could be impartial. And twice, the juror unequivocally stated that he could. So this case is unlike *Miller*, 385 F.3d at 674–675, and *Hughes*, 258 F.3d at 459–460 (6th Cir. 2001), and others cited by Morgan, where neither the court nor counsel attempted to clarify or rehabilitate a juror who expressed potential bias. So the Court cannot find, as to either deficient performance or prejudice, that the Michigan Court of Appeals unreasonably applied Supreme Court precedent in denying Morgan's ineffective-assistance-of-counsel claim.

**B.**

Morgan next asserts that the Due Process Clause of the United States Constitution requires that he be resentenced. Specifically, he argues that the Due Process Clause "requires that a trial

7

court impose a sentence based on accurate information," (ECF No. 9-17, PageID.1098 (citing *Townsend v. Burke*, 334 U.S. 736 (1948)), and that he was denied that right based upon the trial court's failure to justify the degree of departure from the sentencing guidelines range. (ECF No. 1, PageID.6; ECF No. 9-7, PageID.1097.) Michigan law permits a court to depart from a sentence range established by the sentencing guidelines "if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." Mich. Comp. Laws § 769.34(3). A court cannot base a departure on characteristics already taken into account in determining in the sentencing range "unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." *Id*. Morgan argues that the trial court's reasons for departing upwards were not substantial and compelling and were already covered by the sentencing guidelines.

The Michigan Court of Appeals disagreed. It found that there was a substantial and compelling basis for the trial court's departure and the trial court did not abuse its discretion in its sentencing decision. *Morgan*, 2014 WL 3704876, at * 7–11. It further found that the factors that justified the departure had not been included in determining Morgan's guidelines range and thus, they were not counted twice. *Id*. So the court affirmed the sentence.

"The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). But Morgan's claim that the trial court did not have a "substantial and compelling" reason for the departure and used characteristics already taken into account in that departure are matters of Michigan state law, not federal law, and thus, are not cognizable in habeas corpus

proceedings. *See Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (holding that departure from sentencing guidelines is an issue of state law not cognizable in federal habeas review). "Petitioner's characterization of the state trial court's departure from the sentencing guidelines as a 'Denial of Due Process' does not transform his state law claim into a federal constitutional claim." *Childs v. Lafler*, No. 1:05CV667, 2008 WL 2579174, at *8 (W.D. Mich. June 27, 2008) (citing *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000)). Indeed, while Morgan cites to *Townsend v. Burke*, 334 U.S. 736 (1948), which held that a criminal defendant's due-process rights are violated when a sentencing judge relies on erroneous information, Morgan does not explain how the trial judge relied on erroneous information. Instead, his argument is that the information relied upon did not justify the departure, which is a claim pursuant to state law and cannot be the basis for federal habeas relief.

## C.

Finally, Morgan asserts that he is entitled to resentencing because the trial court violated his Sixth Amendment rights by departing from the sentencing guidelines range based on disputed facts that the prosecutor did not charge and prove beyond a reasonable doubt. Specifically, Morgan contests the trial judge's decision to sentence him to 10–15 years in prison, when his guidelines range was 43–86 months. The trial judge concluded that Morgan "is a great and unusual danger to the community." But, says Morgan, that fact was neither stipulated to nor found by the jury. So, under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), he is entitled to be resentenced.

The Warden argues that this *Alleyne* claim is procedurally defaulted. (ECF No. 8, PageID.131–134.) He says Morgan did not object to the scoring of the offense variables at trial, as he is required to do, so the Michigan Supreme Court reviewed the claim for plain error. *Morgan*,

870 N.W.2d at 690–91 ("we are not persuaded that the defendant has established a threshold showing of plain error under *Lockridge*"). And because the Michigan Supreme Court adjudicated the claim as a procedural default, the Warden says this Court should not review the claim.

In most circumstances, a federal court may not consider the federal claims in a habeas corpus petition if a state court denies relief because the petitioner "failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). To cement a procedural default, Morgan must have failed to comply with a procedural rule, the state courts must have enforced the rule against him, the rule must be an "adequate and independent" ground for barring habeas corpus review, and Morgan cannot excuse the default. *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

But the Court does not find procedural default. The Court does not understand Morgan to be arguing that judge-found facts were the basis of his OVs scoring, but that judge-found facts were the basis for his departure from the ultimate guidelines range. So, unlike in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), Morgan did not fail to comply with a procedural rule by failing to object to the OV scoring at sentencing. The Warden has not pointed to any rule requiring that Morgan contemporaneously object to the judge's discretionary departure from the guidelines. Without this first step, the Court cannot find that Morgan procedurally defaulted this claim.

Further, even assuming he had, the procedural-default doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [substantive]

10

question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. So even had Morgan procedurally defaulted on this claim, given the circumstances of this case, the Court finds that the procedural issue is complex, and the interests of judicial economy are best served by addressing the merits of Morgan's claim. *See Thomas v. Meko*, 915 F.3d 1071, 1074 (6th Cir. 2019).

As a result of the scoring of the relevant variables, Morgan's minimum guidelines sentencing range was 43–86 months, with a statutory maximum of 15 years. But the trial court sentenced Morgan to a minimum sentence of 10–15 years based upon the fact that Morgan was "a great and unusual danger to the community"—something neither admitted by Morgan nor found by the jury. Morgan argues that the trial judge's departure above the sentencing guidelines range runs afoul of *Alleyne v. United States*, 570 U.S. 99 (2013).

In *Apprendi v. New Jersey*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, (2000). The Court expanded that holding in *Alleyne* to include mandatory minimum sentences such that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 103.

The Sixth Circuit has recently found that "*Alleyne* requires us to hold that the Michigan trial court's use of judge-found facts to score mandatory sentencing guidelines that resulted in an increase of [a] petitioner's minimum sentence" violates a petitioner's Sixth Amendment rights. *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018) *cert. denied sub nom. Huss v. Robinson*, No. 18-680, 2019 WL 887795 (U.S. Feb. 25, 2019). In that case, the trial judge sentenced Robinson within

11

the sentencing guideline range and Robinson was challenging the facts used to create that range. *Id*. at 713. The Sixth Circuit found that

> [w]hile Michigan's regime uses a number of OVs [offense variables] and PRVs [prior record variables] to come to a guidelines range, rather than the slightly more straightforward three-tier scheme addressed in *Alleyne*, 570 U.S. at 103–04, 133 S.Ct. 2151, this distinction does not except the Michigan regime from *Alleyne*'s fundamental principles. In sum, *Alleyne* proscribed exactly that which occurred at petitioner's sentencing hearing—the use of "[f]acts that increase the mandatory minimum sentence" that were never submitted to the jury and found beyond a reasonable doubt. 570 U.S. at 108, 133 S.Ct. 2151.

*Id*. at 717 (6th Cir. 2018).

Morgan was sentenced when the Michigan guidelines ranges were mandatory. Subsequently, in light of *Alleyne,* the Michigan Supreme Court held that the mandatory application of Michigan's sentencing guidelines was unconstitutional. *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). The Court's remedy, consistent with *United States v. Booker*, 543 U.S. 220 (2005), was to make the guidelines advisory only. *Id*. at 520-21.

But Morgan is not objecting to his guidelines range or to the calculation of the offense variables that produced this range. He is objecting to the judge finding "a substantial and compelling reason" to depart from that range, and that the compelling reason was not found by the jury. But that is not what *Apprendi*, *Alleyne* or *Robinson* proscribed. *See Lockridge v. Campbell*, No. 16-930, 2016 WL 5110138, at *5 (W.D. Mich. Sept. 21, 2016) (holding that judge's departure from sentencing guidelines did not violate *Alleyne*). These cases concerned judicial factfinding that raised the sentencing floor or ceiling. *See Alleyne*, at 108 ("While *Harris* declined to extend this principle to facts increasing mandatory minimum sentences, *Apprendi*'s definition of 'elements' necessarily includes not only facts that increase the ceiling, but also those that increase the floor. Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment."). They did not concern a judge's

12

discretion to sentence above a mandatory minimum range, but below the statutory maximum. Indeed, the Supreme Court noted in *Alleyne*,

> Juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range and does so in a way that aggravates the penalty. Importantly, this is distinct from factfinding used to guide judicial discretion in selecting a punishment "within limits fixed by law." *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that element of sentencing. *Infra*, at 2162 – 2164, and n. 6.

570 U.S. at 114 n. 2. Also, the Michigan Supreme Court noted in *Lockridge* that defendants who had been sentenced under the then-mandatory sentencing guidelines could not show prejudice sufficient to overcome plain-error review if their sentence was subject to an upward departure, implicitly finding that the *Alleyne* Sixth Amendment issues concerned the guidelines only and not a court's exercise of discretion. 870 N.W.2d 502, 522 n. 31.

Further, even if the trial court's pre-*Lockridge* fact finding regarding the danger Morgan posed to the community ran afoul of *Alleyne*, it is subject to harmless-error review. *See Washington v. Recuenco*, 548 U.S. 212, 222 (2006). The trial judge sentenced Morgan well above his guidelines range and placed the upper bound of his minimum at the statutory maximum sentence for the offense. And he provided his reasons for doing so. Now that the Michigan sentencing guideline scheme is advisory only, there is nothing improper about the sentence that was given and no reason to believe the trial judge would exercise his discretion any differently now. *See, e.g.*, *Alexander v. Hoffner*, No. 15-CV-11364, 2018 WL 4658682, *18 (E.D. Mich. Sept. 27, 2018) (citing *United States v. Brown*, 444 F.3d 519, 522 (6th Cir. 2006)).

So the Court cannot find that Morgan is entitled to habeas relief on this claim.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists could debate whether petitioner was sentenced in violation of *Alleyne* and, as a result, is entitled to resentencing. Therefore, the Court will grant a certificate of appealability on this issue.

For the reasons stated above, the petition for a writ of habeas corpus is DENIED, a certificate of appealability is GRANTED in part and the matter is DISMISSED.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 15, 2019

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 15, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager